# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN ALEC WEITH,<br><br>   Plaintiff,<br><br>   v.<br><br>GOVERNOR GAVIN NEWSOM,<br>et al.<br><br>   Defendants. | **Case No.  1:22-cv-01256-JLT-SKO**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**(Doc. 4)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Jan Alec Weith, proceeding *pro se*, filed this civil action on September 30, 2022. (Doc. 1.) Plaintiff also filed an application to proceed without the prepayment of fees, but the form application was not complete, as it contained several deficiencies and unintelligible handwriting. (Doc. 2.)

On October 6, 2022, the Court issued an order denying without prejudice Plaintiff's application to proceed without the prepayment of fees and directing Plaintiff to either file an amended application, completed and signed, or pay the $402 filing fee for this action within twenty-one days. (Doc. 3.) Plaintiff was cautioned that the failure to comply with the Court's order would result in a recommendation that this action be dismissed. (*Id.*) When served at Plaintiff's address of record, the October 6, 2022, order was returned as undeliverable on October 17, 2022. (*See* Docket.) More than twenty-one days passed, and Plaintiff failed to file an amended application or to pay the filing fee. (*Id.*)

1

On December 29, 2022, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for his failure to comply with the Court's October 6, 2022, order and the local rules and for his failure to prosecute. (Doc. 4.) Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D. Cal. L.R. 183(b). More than sixty-three days have passed since the Court's October 6, 2022, order was returned as undeliverable. Plaintiff has neither responded to that order or the OSC, nor has he contacted the Court to request an extension, or to otherwise explain his lack of compliance with both orders.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110; *see also* E.D. Cal. L.R. 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Hous. Authority of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the Court's October 6, 2022 order, the OSC, and his failure to keep his address updated, there is no alternative but to recommend that the action be dismissed for failure to obey court orders, local court rules, and failure to prosecute this action.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's orders and local rules and the failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 24, 2023**                         /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE